Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.:562-590-5550
Facsimile No.: 562-590-8400

Attorneys for Plaintiff GERARDO TELLEZ, as an individual and on behalf of all similarly situated employees

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO TELLEZ, as an individual, and on behalf of all similarly situated employees, <br><br> Plaintiff, <br><br> v. <br><br> HARVEST LANDSCAPE ENTERPRISES, INC., a California corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: SACV 20-438-GW-SKx <br><br> **AMENDED JUDGMENT** <br><br> Assigned to for all purposes; <br> Hon. George H. Wu, Courtroom 9D <br><br> Date:         September 9, 2021 <br> Time:         8:30 a.m. <br> Courtroom:    9D <br><br> Complaint Filed: October 18, 2018 <br> Trial Date: No Trial Date Set |

# AMENDED JUDGMENT

Having duly considered Plaintiff's Motion for Final Approval of Class Action Settlement, the Court orders and adjudges as follows:

Plaintiff GERARDO TELEZ and Defendant HARVEST LANDSCAPE ENTERPRISES, INC. ("Defendant"), collectively referred to herein as "Parties", have reached terms of settlement of this putative class action.

On April 6, 2021, this Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement. (Docket No. 47). The Court provisionally certified a Settlement Class and found for settlement purposes that the requirements of Federal Rule of Civil Procedure rule 23(a) and subdivision (b)(3) are satisfied. For settlement purposes, as stipulated by the Parties, the proposed class meets the requirements of numerosity, commonality and typicality, and there is adequate and fair representation.

Pursuant to Federal Rule of Civil Procedure, rule 23(e), Plaintiff filed a Motion for Final Approval of Class Action Settlement. This matter having come before the Court for hearing, pursuant to the Preliminary Approval Order of this Court, and for approval of the Settlement as set forth in the Parties' Joint Stipulation for Class Action Settlement and Release (the "Settlement Agreement" or "Settlement"), and due and adequate notice having been given to Class Members as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore,

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. All terms used herein shall have the same meaning as defined in the Settlement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members.

/ / /

3. Notice to Class Members, including the mailing of the Class Notice as set forth in the Settlement, has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort. The Notice informed Class Members of the manner in which to request exclusion or to object to the settlement and the deadlines for each, and the right to appear at the final approval hearing. Adequate periods of time were provided by each of these procedures. As part of this notice process, only six (6) putative class members have timely opted-out of the Settlement Class, no Class Member has submitted a written objection, and no Class Member has initiated an intention to appear at the final approval hearing. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement, to all persons entitled to such notice, and the Class Notice fully satisfied the requirements of due process.

4. This Court hereby approves the terms set forth in the Settlement, including the requested settlement award, Released Claims and all other terms therein, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Parties and Class Members and directs the Parties to effectuate the settlement according to its terms. The Court makes this finding based on a weighing of the strength of Plaintiff's claims and Defendant's defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive, arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough legal and factual investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the overall amount of the Settlement and the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the

Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. In addition to these reasons and those set forth in the Court's statements on the record at the preliminary approval hearing and those set forth in the Preliminary Approval Order, the fact that no Class Member has objected, and only eight opted out further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

5. This Final Judgment applies to all Class Members as defined by the Settlement.

6. As of the full funding of the Gross Settlement Fund, each and every Released Claim of each and every Class Member is and shall be deemed to be conclusively released as against Defendant and Released Parties, as set forth in the Settlement.

7. All Class Members as of the full funding of the Gross Settlement Fund are hereby forever barred and enjoined from prosecuting the Released Claims against Defendant and Released Parties.

8. The Settlement is not an admission by Defendant nor is this Final Judgment a finding of the validity of any claims in the Class Action or of any wrongdoing by Defendant. Furthermore, the Settlement is not a concession by Defendant and shall not be used as an admission of any fault, omission or wrongdoing by Defendant. Neither Final Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and the exhibits thereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses by Defendant, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any court, administrative agency or other tribunal for any purpose

whatsoever other than to enforce the provisions of this Final Judgment, the Settlement, or any related agreement or release; except that the Order and Final Judgment, Settlement and exhibits, and any other papers and records on file in the lawsuit may be filed in this Court and in any other litigation as evidence of the settlement by Defendant to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9. The Court finds and determines that the Individual Settlement Payments and Individual PAGA Settlement Payments to be paid to the Class Members as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts to be made to the Class Members in accordance with the terms of the Settlement.

10. The Court further approves and directs Phoenix, the appointed Settlement Administrator, to disburse the settlement funds in the manner set forth in the Settlement.

11. The Court awards reasonable attorneys' fees in the amount of one hundred fifty-six thousand two hundred four dollars and thirty-eight cents ($156,204.38) to Class Counsel. All fees are paid in accordance with the terms of the Settlement.

12. The Court awards costs in the amount of six thousand one hundred ninety-nine dollars and sixty-one cents ($6,199.61) to Class Counsel. All costs are paid in accordance with the terms of the Settlement. The remaining amount from the anticipated eight thousand dollars ($8,000.00) for costs will become part of the Net Settlement Fund for distribution to Settlement Class Members.

13. The Court awards service enhancement payment of six thousand dollars ($6,000.00) to the Named Plaintiff Gerardo Tellez.

14. The Court finds and determines that the ten thousand dollars ($10,000.00) amount to be paid from the Gross Settlement to the LWDA for civil

- 5 -
AMENDED [PROPOSED] JUDGMENT

penalties under PAGA, as provided for in the Settlement, is fair and reasonable. Of the ten thousand ($10,000.00), seventy five percent or seven thousand five hundred dollars ($7,500.00) shall go the LWDA and two thousand five hundred dollars ($2,500.00) shall be paid to the PAGA Members. The Court hereby grants final approval to and orders said payment to the LWDA in accordance with the terms of the Settlement.

15. The Court awards costs in the amount of fifteen thousand dollars ($15,000.00) to Phoenix Settlement Administrators for the administration of the settlement;

16. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation, administration and enforcement of the Settlement.

17. The Court finds that the Settlement was made and entered into in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendant.

18. If the Settlement does not become final and effective in accordance with the terms of the Settlement, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including, but not limited to, the conditional certification for purposes of settlement only of a class of Class Members, and all releases delivered in connection herewith, shall be null and void.

**IT IS SO ORDERED.**

Dated: September 23, 2021

_____
HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE